UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE LOPEZ ) | |
| ) | |
| **Plaintiff** ) | Case Number: |
| ) | |
| vs. ) | |
| ) | |
| TURNING POINT SOLUTIONS, LLC ) | CIVIL COMPLAINT |
| ) | |
| ) | JURY TRIAL DEMANDED |
| **Defendant** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Natalie Lopez, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Natalie Lopez, is an adult natural person and she brings this action for actual and statutory damages and other relief against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as Invasion of Privacy by Intrusion into Private Affairs.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant maintains a primary location in this District.

### III. PARTIES

4. Plaintiff, Natalie Lopez, (hereafter, Plaintiff) is an adult natural person residing at 14135 E. Montview Blvd., Apt. 11, Aurora, CO 80011.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

5. Defendant, Turning Point Solutions, LLC (hereafter, Defendant), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the States of Colorado and New York, with a primary location at 485 Cayuga Road, Suite HB4, Cheektowaga, NY 14225.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around June, 2015, Plaintiff started to receive constant and continuous calls from Defendant's agent, "Patrick", attempting to collect on an alleged past due payday loan said to be originally owed to EZ Money Payday loans.

8. Plaintiff is said to have taken the loan in or around 2007, for the original amount of $200.00.

9. Plaintiff was warned during the initial call that she needed to make arrangements as soon as possible to avoid further legal action against her.

10. Defendant's agent, "Patrick", further threatened the Plaintiff with impending garnishment if she failed to set up payment on the account.

11. Defendant failed to inform the Plaintiff of her rights to dispute this alleged debt.

12. Despite the age of the alleged past due account, the Defendant assured the Plaintiff that the debt was in fact still valid and needed to be paid immediately.

13. Plaintiff was told that she owed a balance of $564.00, but that the Defendant was willing to settle the account for a lower amount of $391.00, if she signed up for payment arrangements that day.

14. On or about June 1, 2015, fearful that she could be sued or end up with a garnishment, the Plaintiff agreed to enter a payment arrangement with the Defendant.

15. Plaintiff was to make an initial payment of $50.00 on or before June 3, 2015, and a final full payment of $341.00 on or before June 17, 2015.

16. The initial payment of $50.00 was made as agreed on June, 1, 2015.

17. However, on or about June 17, 2015, the Plaintiff contacted Defendant's agent, "Patrick", to inform him that she had recently lost her job and could only make a $50.00 payment, not the agreed upon $341.00.

18. Plaintiff was informed that fees would be added to her account for not following the agreed upon payment arrangement.

19. Defendant did however accept Plaintiff's payment of $50.00 on June 17, 2015.

20. Plaintiff was then told that she would need to make an additional payment of $50.00 on or before July 8, 2015 and a final payment of $250.00 on or before July 22, 2015, bringing her final paid balance to $400.00.

21. Despite making the next two (2) payments of $50.00, Plaintiff could not make the final payment of $250.00, due to still being unemployed.

22. On or about July 20, 2015, Plaintiff again spoke with Defendant's agent, "Patrick", to inform him that she could not afford to pay such a large payment, as she was still out of work.

23. Defendant's agent, "Patrick", informed the Plaintiff that since she had not followed the settlement agreements as she was required that they were now being taken away.

24. Plaintiff was warned that she was now responsible for the full balance.

25. Plaintiff was told that the $150.00 that she had already paid on the account would be put toward fees and penalties and would not count toward the balance of her debt, and that her balance had now increased to $654.00.

26. On or about that same day, July 20, 2015, Plaintiff received an updated payment schedule from Defendant's agent, "Patrick", requesting that she make payments of $62.88, on eight (8) separate occasions, starting on or before July 24, 2015 and ending on October 30, 2015.

27. Unable to make the additional payments, the Plaintiff did not agree to the payment arrangement.

28. As of the filing of this complaint, the Defendant continues to call and demand that the Plaintiff continue to pay on this account, so that it does not get turned over to the Defendant's legal department.

29. The Defendant's despicable tactics to try and manipulate the Plaintiff into making payment are nothing more than ways to instill fear of impending legal action if the Plaintiff did not agree to enter into payment arrangements that would be clearly unattainable due to the Plaintiff's unemployed status.

30. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

31. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

32. At all times pertinent hereto, the Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

33. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

34. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – FDCPA**

35. The above paragraphs are hereby incorporated herein by reference.

36. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

37. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount or legal status of the alleged debt |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(8): | Threatens or communicates false credit information, including the failure to communicate that the debt is disputed |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect an alleged debt |
| §§ 1692g(a)(3): | Must state the right to dispute a debt within 30 days |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

40. Colorado further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Colorado state law.

41. The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

42. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

43. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

44. All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: September 2, 2015**

**BY: /s/ *Brent F. Vullings***
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com